IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-CV-01081- |
| | § | ALM-AGD |
| | § | |
| ROBERT M. MALONEY JR., ET AL. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Plaintiff Wells Fargo Bank, N.A.'s Motion for Default Judgment Against Defendants Robert M. Maloney Jr. d/b/a 301 Trucking and Brittany D. Clark d/b/a 301 Trucking (Dkt. #7). Having reviewed the Motion and all other relevant filings, the court finds that the Motion (Dkt. #7) should be denied.

**BACKGROUND**

*Factual Background*

According to Plaintiff, this action arises out of a check in the amount of $225,388.18, that Defendants deposited into their Wells Fargo account (Dkt. #7 at p. 2). The check was later the subject of a reclamation claim by the United States Treasury Department (Dkt. #7 at p. 2). The proceeds of the check were paid to Defendants when Plaintiff, on or about June 1, 2023, issued cashier's check #0001318758 to Defendants in the amount of $225,796.71 (Dkt. #7 at p. 2). Plaintiff later received a reclamation claim from the United States Treasury Department alleging "Unauthorized Negotiations of Claim" because the check was originally made payable to "PMY Construction Corporation" but altered to read "DBA 301 Trucking" (Dkt. #7 at p. 2). As a result, Plaintiff alleges damages in the principal amount of $225,388.18, inclusive of all account fees charged to the 301 Trucking Account and credits for all payments made.

*Procedural Background*

On December 6, 2023, Plaintiff filed a Complaint against Defendants in the Eastern District of Texas, Sherman Division, alleging claims for breach of contract and breach of transfer and presentment warranties (Dkt. #1 at pp. 4–6). Both Defendants were served on December 9, 2023 (Dkt. #4; Dkt. #5). As such, Defendants' deadline to answer or otherwise respond to Plaintiff's Complaint was December 30, 2023, but to date, neither Defendant has appeared. Consequently, on February 7, 2024, Plaintiff filed a Motion for Default Judgment against Defendants (Dkt. #7). On March 22, 2024, Plaintiff requested a Clerk's Entry of Default against Defendants (Dkt. #8). On March 28, 2024, the Clerks Entry of Default was docketed as to Defendants (Dkt. #9).

## LEGAL STANDARD & ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek entry of a default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* "A plaintiff may only obtain a default judgment after securing an entry of default by the clerk of court." *Walker v. Koelzer*, No. 3:21-CV-1845-B, 2024 WL 420793, at *2 (N.D. Tex. Feb. 5, 2024); *Accredited Sur. & Cas. Co., Inc. v. Landlord's Daiquiri Den*, LLC, No. 1:22-CV-591, 2023 WL 11761514, at *2 (E.D. Tex. July 26, 2023) ("Until defendants are properly served and the clerk of court enters a default, 'Plaintiffs have no basis for seeking a default judgment.'"). "In determining whether to enter a default judgment against a defendant, courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default

judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citation omitted). However, the court retains discretion over whether to grant default judgments. *Janjua-Vessel v. Bray*, No. 4:23-CV-766-ALM-KPJ, 2024 WL 3629687, at *3 (E.D. Tex. July 9, 2024), *report and recommendation adopted*, No. 4:23CV766, 2024 WL 3625830 (E.D. Tex. July 31, 2024). Put differently, even if a party is technically in default, "[a] party is not entitled to a default judgment as a matter of right." *Id.* (citation omitted).

Here, Plaintiff has not followed the procedure set forth in Federal Rule of Civil Procedure 55. Rather than establishing Defendants' default through affidavit and first obtaining the Clerk's Entry of Default against Defendants, Plaintiff began with the third step in the process: filing a Motion for Default Judgment (Dkt. #7). Accordingly, the court finds that Plaintiff's Motion for Default Judgment (Dkt. #7) should be denied as premature.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiffs' Motion for Default Judgment (Dkt. #7) be **DENIED** as premature.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of August, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE